UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
CHIKEZIE OTTAH,                                                         :
:
                                            Plaintiff,                  :        22-CV-10435 (JMF)
:
                -v-                                                     :        ORDER TO SHOW
:                   CAUSE
MTA,                                                                    :
:
                                            Defendant.                  :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Chikezie Ottah, proceeding without counsel, filed the Complaint in this case on December 12, 2022.  *See* ECF No. 1.  On January 17, 2023, Ottah filed a "proof of delivery."  *See* ECF No. 4.  The Court, however, had doubts about whether Defendant MTA was served in accordance with Rule 4 of the Federal Rules of Civil Procedure and ordered Ottah to show cause in writing that service was proper.  *See* ECF No. 6.

      On February 9, 2023, Ottah filed a letter with the Court stating again that he mailed a copy of the summons and complaint to MTA, but this time including confirmation of delivery by the United States Postal Service.  The letter, however, still does not confirm that Ottah accomplished service in accordance with Rule 4 of the Federal Rules of Civil Procedure and/or Article 3 of New York's Civil Practice Law and Rules (the "NY CPLR").  To the extent that Ottah is relying on Section 312-A of the NY CPLR for service, he must make an affirmative showing that he has complied with all of that Section's requirements.  That is, Ottah must state, **in a declaration sworn under penalty of perjury**, that his mailing to MTA included: "two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [Section 312-A(d) of the NY CPLR], [along] with a return envelope, postage prepaid, addressed to [himself]."  NY CPLR § 312-A(a).

      Accordingly, it is hereby ORDERED that Ottah shall, no later than **February 27, 2023**, communicate with the Court, in writing, as to whether service on MTA complied with the above requirements.

      If the Court does not receive any communication from Ottah by **February 27, 2023**, the Court will deem the prior service improper.  If so, Ottah will still have until **March 13, 2023**, to effectuate proper service on Defendant.  To that end, he is encouraged to review the attached fact sheet provided by the Court's Pro Se Intake Unit and work with the *Pro Se* Law Clinic in this District.

2

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 13, 2023
       New York, New York

                                          JESSE M. FURMAN
                                    United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRO SE INTAKE UNIT
Thurgood Marshall United States Courthouse
40 Foley Square, Room 105
New York, NY 10007

**HOW TO SERVE THE SUMMONS AND COMPLAINT ON AN INDIVIDUAL**

The summons and complaint must be served on each defendant in the way required by law in order to officially notify the defendant about your lawsuit. This is called effecting service of process. **Mailing the summons and complaint alone is never sufficient to effect service of process.** If a defendant is not properly served with the summons and complaint, the case cannot proceed and may be dismissed as to that defendant.

*Each* **defendant must be served:**

**(1)  with a *copy* of the summons and the complaint.** (The original summons will be filed with the Court once service is complete);

**(2) within 90 days of the date on the summons** or the Judge may dismiss your lawsuit. If you are unable to have all defendants served within 90 days, you may ask in writing (sent to the Pro Se Intake Unit) that the Judge give you more time and explain why you need it. The Judge may give you more time if you show you have been diligent in trying to serve the defendant(s). If the Judge grants the request, the Judge will set a new date by which you must
serve the defendant(s).

The different methods of effecting service of process are described in Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e)(1) also allows you to use the methods of service described in state law. This document discusses the most common methods of service of the summons and complaint on individuals.

      **A.**    <u>**Waiver of Service of Summons.**</u>  Asking the defendant to waive service of the summons is inexpensive and efficient. *See* Fed. R. Civ. P. 4(d). To ask an individual defendant to waive service, a plaintiff mails the defendant at any address at which the defendant will receive mail promptly:

    (1)    two *signed* copies of the *Notice of Lawsuit and Request for Waiver of Service of Summons* (which the plaintiff must fill out with the docket number and other information);

    (2)    two copies of the *Waiver of Service of Summons* form for the defendant to sign;

    (3)    a copy of the complaint; *and*

    (4)    a postage-paid envelope addressed to you so that the defendant can return the signed waiver to you.

If the defendant signs and returns the waiver, service is complete, and you must promptly file the signed waiver with the Pro Se Intake Unit.

If you have not received the signed waiver within 30 days after mailing it (or 60 days if the defendant is outside the United States), then service is not complete, and you must serve by another method. If a defendant declines to waive service, then you can ask the court to make that defendant pay the cost for serving that party (such as costs for hiring a process server).

      **B.**    <u>**Personal Service.**</u>  The plaintiff in the lawsuit cannot personally serve a defendant with the summons and complaint. Fed. R. Civ. P. 4 (c)(2). Any adult who is not a party to the lawsuit may serve the summons and complaint for you, such as a family member or friend. You can also hire a professional process server at a cost ranging from $20 to $100. This document refers to anyone who effects service as the "process server."

The most common form of personal service on an individual is to have the process server deliver a copy of the summons and complaint to the defendant personally.

      **C.**    <u>**Assistance from Entity Defendants.**</u>  If the individual defendant is employed by an entity that you have also sued as a defendant, it is possible that the attorney for the entity will agree to accept service for the individual defendant or give you helpful information about where and how to serve the individual defendant. Therefore, you may want to serve the entity defendant first and then contact the attorney for the entity after he or she files a notice of appearance with the Court to discuss service of the individual defendants employed by the entity.

After any service discussed above is completed, the process server must fill out the return of service on the back of the original summons (where it says "declaration of server"), affirming under penalty of perjury that service has been made and describing the details of the service, such as the person to whom the summons and complaint were given. You should file the original summons with the completed return of service promptly with the Pro Se Intake Unit.