United States District Court,

Southern District of New York

Chikezie Ottah

V                              Civil Action 22 CV 10435 -JMF

MTA

I Chikezie Ottah respectfully declares under the laws of united States of America the following to be correct and true.

I am Chikezie Ottah, I own the Patent, US Patent 7,152, 840, which is directed to hold a book and technology.

The present action is new

I have written at list once to MTA to verify the product at issue here, no replies.

In the defendant declaration, case 10-cv-7296," product attachment process did not contain the term clasp" but defendant opinion is wrong, US 840 claim Clasp comprise a clip/screw, resilient clip/arm, and clip body, is base with screw. Further, US 840 have interconnector, an interconnector comprise all sort of screw/bolt/base/cable, camera. Pivotal connection comprising, a cable with USB tip, or output cable and a camera with serial USB port. or input ports. See Fig.4, page 4, paragraph 1, line 10-11. (Fig. 4,75). See the attached appdx. Page 6, 15

The Appeals court state: that a product infringe US 840 Patent if the product have pivotal elements a cable which is easily and quickly remove and attach, see the summary of the invention, page 1, paragraph 7. See summary of the invention, page 2, paragraph 1. Line 1-4, the defendant product met. See appdx. 15

Again, the defendant state that in 2011, Ottah V. VeriFone, no 6187-RMB, 2012, that I claimed a fixed mount for electronic displays in NYC- cab infringed on 840 Patent. Again if the defendant sort the meaning of the words in Clasp, dismount the word, clip body, clip body will give a base and a screw, or bolt and a base. Please see page 16 on the attached memorandum of law. Further, OOUP, the

defendant declare will not stand, because the meaning of a resilient clip which was allowed by USPTO include a Pivotal connector.

Pivotal connection

a cable with USB tip, or output cable and a camera with serial USB port. or input ports. Key board, writing out-put and the connecting input in camera. Laptop. This devices easy and quickly remove and attached with no tools. This devices over came the prior arts. See the attached appendix 15, 1, 2, 4,5,6.

As the Appeals court said early your product is with the limit.

The Appeals court in Ottah V. VeriFone inc. Docket number 2013-1106 held that application of their widely accepted meaning was warranted in construing patent's terms. The term like interconnector/interconnecting would have elements of hardware, software and device, example cable, remote control, laptop, camera, screw, screw-driver, rivet, nuts, mouse, others.

Hon. Richard Berman, looking for a better out-come, brought us together and requested a settlement. The Judge trying to be impartial, ask if I can start production too. The appeals court request claim construct before stare decisis.

In 2015, the defendant declared, Ottah V. BMW, 15-cv 02465-LTS, said I claimed a mounted camera in fringed US 840 Patent. The defendant declared that again, Hon. Judge Laure Swain granted summary Judgment, because the accused product was a fixed camera, not a removable attached vehicle. Like stated above, US Patent 840 has overcame US Patent 013, belonging to Wiersma, and as so doing US 840 Patent is not limited by Patent 013.

NEW YOUK LAGEL ASSOICATION, helping Pro Se individual was unhappy about the ruling, they ask me to demand from the court on what legal base, that US 840 had over came the prior art,. The court up till today have not produce any prior art. Am also asking the defendant to produce the prior art, it is by law a rule of rule 56 and rule 26.

28

In the Appeal, Docket 2017-1842, Ottah V. Chrysler, the Appeals court held collateral estoppel and stare decisis required that construction of term "removable mounting" in prior suit govern in subsequent action;

US 840 have both software and hardware, by vague of pivotal connection and interconnection, the camera, laptop, audio and equipment, Judge Laure Swine and Judge Collene McMahon has in their separate ruling accepted that book holder can hold the technology ( quotation not available).

While interconnecting have more hardware, which are removable and secure by tools, the pivotal connecting pieces are more of software which are removable attach without tools, example are key board, electronic mother board, server, senor, PC, serial Port, remote control, cable with USB, camera with USB, see the attached appendix 15, and 1 the MTA camera are interconnected the USB output. The MTA product met the limit of removable attached.

The defendant said again, Ottah V. National Grid, 19 cv 8289 PAE-RWL, 2020, ottah claim once again that a mechanism for holding a laptop mount in a vehicle infringed on his Patent. The court have twice said the book holder can holder a laptop, ( a laptop is an interconnector, the attached appendix, pages 11, 12, 13, 14).

The defendant brought in report and recommend from Hon. Judge Robert Lehrburger which was adopted by Judge Paul Engelmayer, the defendant said the Judges agreed that the accused book holder was bolted, not removable.

INTERCONNECTOR

With respect to Judge Lehrburger, it was an incredible job on bring all the point of view, great skills, but it is a simply fact that history take the path of the winners or strong. The Judge tried to define the scope of interconnector but ended up on human connecting to each other, that is a fact but the appeal court said the widest meaning of an interconnector, and furtherance the meaning of interconnector is also a communicating linked by a cable to various receivers with cell phone, computer, laptop. Camera, radio, TV, and other. I believe the second meaning is more of US Patent 840 book holder. Please see page of the report and

recommend. Ottah V, NatL Grid, 19 cv 8289-PAE- RWL. It is important to interpret the terms of the invention correct and apply it for a clear reading of the scope, how it effect the scope. On Nov.27 2019, I required for discovery to clear the meaning, since I have the technical definition, court denial.

THE HISTORY OF US PATENT 840.

THE TERM; PLATFORM, during prosecution, I ask USPTO to allow me to document the technology into the specification, during rewriting of US Patent 7,152/840, the examiner allowed me to incorporate the technology into US Patent 7/152,840, from US Patent 10/366,779, please see the publication number 10.366,779, published on 2.19/2003, the publication claimed a book and technology, see appendix 16, but because of too many electronics and element, I in consultation with my attorney decided to crist cross the name from audio and equipment see appdix. to adaptable, connector or interconnector my request was granted. Like the support platform, the platform is configured to adapt book or technology, please see page 16 of the attached memorandum of law, and see Fig.1, page 2, paragraph 1, line 4-8, US Patent 840. Interconnector is audio and equipment, on page 16 of the memorandum, picture does not lie, see the PC on the support platform, while in Fig.1, 12, it is writing, electronic board, comprise laptop, phone cellphone, camera, TV, (Fig. 8, Page 5, paragraph 3). Fig. 4 paragraph 1, page 4, line 10-11( Pivotal connector, support for electronic mount on the platform). The court erred. The claim electronic was plausible.

In 2020, Ottah V. Verizon Corp. 19 cv8552-LGS, defendant said that I sued Verizon, claiming an in fragment by a fixed book holder. Again with respect to Judge Lorna Schofield, who took the opportunity to address the lack of equity thereof. Example see US Patent 840, Summary of invention number 10, it State, **It is another object of the present invention to provide a <u>connector</u> means for <u>removably / securing</u> a book to the book holder in a reading position.**

**If a court is unable to interpret the meaning of word, there should be a further discovery, like mention above, the scope of the claim should be read with accuracy because it effect the scope of the patent. Please Your Hon. See the attached appendix page 13, and 15.**

CONNECTOR /INTERCONNETOR.

The above summary summed it up that US Patent 7,152,840 can perform any removable and secure, the defendant can see this support of embed hard tools for removal and attach( see the support in US patent 840, Summary of the invention, page 2, paragraph 9.) for further support that the patent 840 have removable with tools, see Fig.4, 420 or Fig.4, page 4, paragraph 1, line 15.

Please see, the history of tool with US Patent 840, see the attached memorandum of law page 16, shown is an earlier disclosed claim of audio and equipment converted in US 840 specification as interconnector/connector and pivotal connection.

As a re-silliest clip :  pivotal connector are mostly tools that are removable and attach with out tools, example are smart tools like computer key USB output, computer with USB inport, cable with USB TIP, cellular phone with USB, camera with USB in-put /port.

Re silliest clip/pivotal connector Comprise ; screw, screw-driver, cork, cork screw-driver, cork groove, cork grove-screw driver, nut, bolt, base, rivet, rivet-screw driver, mouse, remote, wire, VGA, serial port, server, sensor, others. See case number 22 cv 2935, PEA-RWL, document 32, filed 8/16/22, 17 or 19, the fine print, line 13-15. The court has agreed re-silliest clip have element of removable and secure, and it can be used as required to get a job completed, interconnector is all audio video equipment hard equipment, in combination until job completed, just like the defendant product see in the appendix no restriction, it use hardware and software.

On Ottah V. Bracewell LLP,  21-CV-0455KPF SDNY, DEC. 10 21. UTC had through their lawyer claimed they own book holder, because they started making and selling book holder before me, I challenged that opinion as an inducement. The court dismiss it due to there was no direct infringement.

The court ask me to answer this prior answer to USPTO: the answer I gave was, The applicant submits that the invention is not anticipated by the prior arts, further the use of adjustable , resilient clip arm on the clasp for clasping the book

31

holder on a movable vehicle provide quick removal and attachment without tools, axial adjustment for adjusting the space between the clasp and the book support, rotational adjustment on the arm between the clasp and the book support, pivotal adjustments between the arm and the book support for is not obvious in the light of prior art. As described above on page 31.

Mr. Barnes contend in ottah V. VeriFone system, inc. 21 cv 09645AT-GWG, The defendant charged that I was barred by claim preclusion, because the suit is concerned to the same persons, product, and same claim as in prior law suit. (foot-note, see case cv-09645-AT-GWG, Document 27-12, filed 03/14/22, 16 of 70, the is the old product), Your Hon. See ECF-45 and also read the VeriFone statement on the new product, see case number 22-1629 document 49, 09/06/22, 337653, page 1,of 4, line 4-5. The defendant defended the product in suit 2021 as new product and new direct claim, (not incorporated from the specification, 35 USC 112 d/E/F). the last law suit, Hon. Richard Barman held that the computer teleprompt was held on top the car seat by rivet mechanism which according to the court US Patent 840 do not have such tools, but that assumption is without merit, US Patent 840 also claim a pivotal connector which is more easy and quick install tools and also claimed interconnector which has hardware of any sort. Example from US patent 840: interconnector-audio and equipment-teleprompt-equipment-or teleprompt-rivet. Please see, Ottah V. National Grid, case number 1:22 CV. 02935 PAR-RWL Document 32, filed, 08/16/22, Page 17 of 19. The fine print, line 13-18, the term resilient clip, see the attached Appendix page 15, the USB cord seen feed the camera shown page 13, book holder feeders cover the camera it is holding in MTA vehicles and buses, there is no dispute.

The last suit, 21CV 09645 AT-GWG, Interconnector is audio and equipment has. It is a limitation to the defendant computer and screw and bracket. Court did not held a hearing if the court or defendant disagree on the technical terms. I request a hearing the court denied (local rule 37.2) on 12/23/21.

Your Hon. Katherine Polk Failla, this clear, according to AIA rule. The prior art do not have the quick and easy programming.

The court err in the claim construction, according to Appeals court, the court followed estoppel and stare decisis and put less emphasis on finding a wide meanings of the terms connector/interconnector.

FOOT-NOTE

History of the Patent showed a PC mounted on the lower arm, see the publication date, 2/19/03, publication number, 10/266/793. The early claimed, claimed book and technology.

Find support for the above technology and book in US Patent 840, see Fig.1, 12, Fig. 1, page 1, paragraph 1, line 5-7, see Fig. 4, page 4. See Fig.4, 420. See Fig 3, paragraph 3, line 2-7. See Fig.8, page 5, paragraph 3. See Page 6, paragraph 1, line 1-11, all US Patent 7,152/840.

DICTIONARY SUPPORT: In deciding issues of patent infringement, courts may hold a "*Markman* Hearing" to
construe disputed claims. See *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). In such a hearing, the court will hear extrinsic evidence to construe disputed claim language. However, as here, such hearings was required but the court did not hold such hearing. See
*Radiancy, Inc. v. Viatek Consumer Products Group, Inc.*, No. 13 Civ. 3767, 2015 WL 221063, at *1 (S.D.N.Y. Jan. 14, 2015) ("A *Markman* hearing was necessary if the Court is unable to determine the scope of the claims based on intrinsic evidence
[or common] dictionaries"); *Revlon Consumer Products Corp. v. Estee Lauder Companies, Inc.*, No. 00 Civ. 5960, 2003 WL 21751833, at *14-15 (S.D.N.Y. July 30, 2003) ("A '*Markman* hearing' to interpret the claim language is necessary in this case, because disputed claim term interconnector/connector have a classical meaning and a technical" and because "the Court was unable to interpret the claim language based on intrinsic evidence, or terms and dictionaries").
14 Indeed, these previous decisions addressing the identical issue of the Patent's scope should have followed the Appeal Court guide for removable secured.

35 USC 271 state 1st that MTA is infringing US Patent 840 on using it mount, 35 USC 112,( Pre-AIA) 2nd infringement is on the element /camera. It state an element in a claim for combination may be expressed as a means, or step, for performing a specific function without the recital of structure material, or act in support thereof, such claim shall be constructed to cover the corresponding structure, material, or acts described in the specification (seat and or USB feeder/cable, camera). All this mention elements and camera are claimed interconnector or and interconnecting.

Patent law is a Federal Question, if the Federal Appeals court request that a term of the patent be constructed before any bar I think the defendant should abide to that rule, see Federal Appeal on Ottah V. VeriFone, number 11-cv-6187, the Appeals court held that application of their widely accepted meaning was warranted in construing patent's terms; which simply means an interconnector is camera and equipment.

Again in Ottah V.Chrysler, Docket number 2017-1842, Federal Court requested collateral estoppel and stare decisis required that construction of term "removable mounting" in prior suit govern in subsequent action. For direct infringement, the claimed pivotal connector and interconnector is equipment and camera. If the court wish further explanation, the court can invite us for further discovery, rule 56, and rule 26.

Your Hon. I have clearly stated the used of tools (secured) and it is plausible, and I have stated plausible claim, placing the camera again and again on my book holder, the memorandum have added the history claim of book and electronic, my declaration have raise the doubt that US Patent 840 did not cover book and electronic, and the appendix has illustrate the defendant product met the limitations of US Patent 840.

34

TABLE OF AUTHORITY

1. United States Constitution
2. 35 USC 271 A
3. US Patent 840
4. Ottah V. FMT
5. Ottah V. VeriFone
6. Ottah V. BMW
7. Ottah V. Chyste
8. Ottah V,National Grid
9. Ottah V/. Verizon
10. Ottah V. Bracewell LLP
11. Ottah V. MTA
12. 35 USC 112
13. Court Records

17

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

CHIKEZIE OTTAH

V.

M T A

I DECLARED UNDER THE LAWS OF UNITED STATES OF AMERICA AGAINST THE MOTION TO DISMISS THE COMPLAINT

LITERAL INFRINGEMENT

ALL THE TERMS: ADAPTED/ADAPTABLE, CONNECTION/CONNECTION, INTERCONNECTOR/INTERCONNECTING, ADJUSTABLE, refer and incorporated in the claim, 35 USC 112(d/f)

CORRECTED added case number 21CV-09645-AT-GWG

Pro se office

| | |
|---|---|
| CHIKEZIE OTTAH | M T A |
| 648 DOROTHEA LANE, NEW YORK | 2 BROADWAY |
| 11003, USA | NEW YORK, NEW YORK 10004 |

19

CHINEZIE OKPALA
648 DOROTHEA LANE
Elmont, New York, 11003
U.S.A

**CERTIFIED MAIL**
7022 2410 0002 8217 7849

Pro Se JKR

RECEIVED
MAY 05 2023
CLERK'S OFFICE
SDNY

RECEIVED
MAY 05 2023
CLERK'S OFFICE
SDNY

RECEIVED
SDNY PRO SE OFFICE
2023 MAY -8 AM 11:01

United States District Court
Southern District of New York
500 Pearl Street, Manhattan
New York, New York. 10007
U S A

To: Pro Se Office