UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                       :

CHIKEZIE OTTAH,                                  :

                                       :

                        Plaintiff,             :

                                       :           22-CV-10435 (JMF)

       -v-                            :

                                       :        MEMORANDUM OPINION

METROPOLITAN TRANSPORTATION AUTHORITY, :         AND ORDER

                                       :

                      Defendant.           :

                                       :

----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Chikezie Ottah, proceeding here without counsel, is an owner of U.S. Patent

7,152,840 (the "'840 Patent"), titled "Book Holder," which "relates generally to a removable

book holder assembly for use by a person in a protective or mobile structure such as a car seat,

wheelchair, walker, or stroller." ECF No. 2, at 10. Over the last decade plus, Ottah has brought

a slew of lawsuits with respect to the '840 Patent, all of which have been unsuccessful.[1] Most

relevant for present purposes, Ottah filed a lawsuit in 2021 against Bracewell LLP, a law firm,

---

[1]     *See Ottah v. First Mobile Techs.*, No. 10-CV-7296 (CM), 2012 WL 527200 (S.D.N.Y.
Feb. 17, 2012), *appeal dismissed*, No. 12-1405 (Fed. Cir. June 14, 2012); *Ottah v. VeriFone Sys.,
Inc.*, No. 11-CV-6187 (RMB), 2012 WL 4841755 (S.D.N.Y. Oct. 10, 2012), *aff'd*, 524 F. App'x
627 (Fed. Cir. Apr. 8, 2013) (per curiam); *Ottah v. BMW*, 230 F. Supp. 3d 192 (S.D.N.Y. 2017)*,
aff'd sub nom. Ottah v. Fiat Chrysler*, 884 F.3d 1135 (Fed. Cir. 2018); *Ottah v. Nat'l Grid*, No.
19-CV-8289 (PAE) (RWL), 2020 WL 2543105 (S.D.N.Y. Apr. 27, 2020), *report and
recommendation adopted*, 2020 WL 2539075 (S.D.N.Y. May 19, 2020), *appeal dismissed*, No.
20-2025 (2d Cir. Oct. 5, 2020); *Ottah v. Verizon Servs. Corp.*, No. 19-CV-8552 (LGS), 2020 WL
4016739 (S.D.N.Y. July 16, 2020), *appeal dismissed*, No. 20-2198, 2020 WL 8615623 (Fed. Cir.
Nov. 30, 2020); *Ottah v. Bracewell LLP*, No. 21-CV-455 (KPF), 2021 WL 5910065 (S.D.N.Y.
Dec. 10, 2021) ("*Bracewell*"), *appeal transferred*, No. 22-39 (2d Cir. June 6, 2022), *aff'd*, No.
22-1876, 2022 WL 16754378 (Fed. Cir. Nov. 8, 2022); *Ottah v. VeriFone Sys., Inc.*, No. 21-CV-
9645 (AT) (GWG), 2022 WL 2206024 (S.D.N.Y. June 21, 2022), *report and recommendation
adopted*, 2022 WL 3031119 (S.D.N.Y. July 11, 2022), *appeal transferred*, No. 22-1629 (2d Cir.
Nov. 28, 2022), *aff'd*, No. 23-1219, 2023 WL 6859780 (Fed. Cir. Oct. 18, 2023).

alleging that the '840 Patent was infringed by a camera mounting system used by the Metropolitan Transportation Authority ("MTA") on buses and other vehicles.  *See Bracewell*, 2021 WL 5910065, at *1-3.  On December 10, 2021, Judge Failla dismissed that lawsuit, holding as a matter of law that the '840 Patent "does not cover" the MTA's camera mounting system.  *See id.* at *10.  Her decision was affirmed on appeal.  *See Bracewell*, 2022 WL 16754378, at *3 ("[T]he '840 patent is clearly directed to 'a book holder,' which, by its plain language, does not cover a camera mounting system, such as the allegedly infringing system used by MTA . . . .").

Undeterred, Ottah filed this lawsuit against the MTA itself, alleging once again that the MTA's camera mounting system infringes the '840 Patent.  *See* ECF No. 1 ("Compl."), at 21.[2] The MTA now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, arguing, among other things, that Ottah's claims are precluded by Judge Failla's ruling.  *See* ECF No. 13 ("Def's Mem.") at 7.  "Issue preclusion, also referred to as collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a prior judgment."  *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (cleaned up).  Issue preclusion applies if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue was necessary to support a valid and final judgment on the

---

[2]     References to page numbers in Ottah's Complaint are to those generated automatically by the Court's Electronic Case Filing system.  Ottah sues the Metropolitan Transportation Authority as "MTA."  To correct the record, the Clerk of Court is directed to amend the caption of this case to conform with the caption of this Memorandum Opinion and Order.

merits." *Id.* (cleaned up).[3]  "Dismissal under Rule 12(b)(6) is appropriate when a defendant raises collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of" — which, here, includes the decisions in Ottah's related lawsuits, including the decisions in *Bracewell*, *see Bracewell*, 2021 WL 5910065, at *2 n.4 — "that the plaintiff's claims are barred as a matter of law." *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. Mar. 14, 2003) (summary order).

Measured against the foregoing standards, Ottah's claims here — even liberally construed, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) — are plainly barred as a matter of law.  First, the exact issue raised here — namely, whether the MTA's camera mounting system infringes the '840 Patent — was raised in the *Bracewell* litigation.  *See* 2021 WL 5910065, at *1-3.  Second, that issue was actually litigated and decided, against Ottah, in the *Bracewell* litigation, first by Judge Failla and then by the Federal Circuit.  *See id.* at *8-10; *Bracewell*, 2022 WL 16754378, at *3.  Third, Ottah — who bears the burden on the issue, *see, e.g.*, *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) — does not and could not dispute that he had a "full and fair opportunity to litigate the issue" in the *Bracewell* litigation.  *See generally* ECF No. 19 ("Pl.'s Opp'n").  And finally, Judge Failla's resolution of the issue was necessary to support a valid and final judgment on the merits, as the "final outcome" of the case "hinge[d] on it." *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 82 (2d Cir. 2019); *see, e.g.*, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").  Indeed, this is a

---

[3]     The Federal Circuit "appl[ie]s the law of the regional circuit" — here, the Second Circuit — "to the general procedural question of whether issue preclusion applies."  *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015).

3

textbook case for application of the doctrine of issue preclusion as Ottah seeks to relitigate the exact same issue that was decided against him in *Bracewell*. *See, e.g.*, *Glover v. Cohen*, No. 21-2126, 2022 WL 5082130, at *2-3 (Fed. Cir. Oct. 5, 2022) (per curiam) (affirming dismissal of a *pro se* plaintiff's patent infringement claims based on issue preclusion where, as here, he had previously sued a different defendant with respect to the same patent and product and lost on the merits).

Accordingly, the MTA's motion to dismiss must be and is GRANTED.  Further, the Court declines to *sua sponte* grant Ottah leave to amend, as it is plain that, among other things, any amendment would be futile.  *See Bracewell*, 2021 WL 5910065, at *11 ("Given [Ottah's] extensive history of filing unsuccessful lawsuits relating to the same patent and involving the same or closely analogous issues to those implicated by this action, the Court does not believe that [Ottah's] pleading deficiencies are remediable by amendment.").  Finally, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to amend the caption of this case to conform with the caption of this Memorandum Opinion and Order, to terminate ECF No. 12, to enter judgment for the MTA, to mail this Memorandum Opinion and Order to Ottah, and to close the case.

SO ORDERED.

Dated:  November 21, 2023
      New York, New York

_____
JESSE M. FURMAN
United States District Judge